[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decree of the Probate Court of Newington dated December 17, 1990, allowing a claim by St. Patrick's Manor, Inc. ("St. Patrick's") of $18,400 against the Estate of Helen A. Benny, (Mrs. Benny) and directing the Executrix to pay the same. An evidentiary hearing before this court was held on June 11, 1991, at which the Appellant, (pro-se) St. Patrick's and the Administrator of the Estate appeared, the Appellant having been removed as Executrix subsequent to the taking of this appeal. The appeal is being prosecuted by the Appellant in her individual capacity.
The claim arises out of the rendering of services to Mrs. Benny in the nature of room, board and nursing care at the St. Patrick's convalescent home, located in Framingham, Mass., from the period March 1, 1989 through August 7, 1989. Mrs. Benny became a resident of St. Patrick's in March 1982, pursuant to an admission agreement dated March 10, 1982, signed by Patricia B. Cross, her daughter and sister of the Appellant. (Exh. A). On March 17, 1989, Mrs. Cross, who had been appointed guardian for Mrs. Benny by the Middlesex, Massachusetts Probate Court on March 1, 1989, notified St. Patrick's that she would no longer be responsible for any charges or her mother since she no longer had access to any funds or property of Mrs. Benny. She further advised St. Patrick's that Paul Hudon had been appointed. Conservator for Mrs. Benny by the Newington Probate Court and that there were substantial real estate assets owned by Mrs. Benny having an appraised value of $357,000. (Exh. F). Mrs. Benny continued in residence at St. Patrick's until her death on August 7, 1989, monthly billings for her room and board being CT Page 5404 sent to Mr. Hudon, totalling $18,400, the sum in dispute. On September 25, 1989, the will of Mrs. Benny was admitted to probate by the Newington Probate Court, the Appellant qualifying as Executrix.
On March 20, 1990, St. Patrick's made written demand for payment, (Exh. 2), on the Appellant as executrix of the estate of Mrs. Benny. On March 26, 1990, Appellant wrote to St. Patrick's referring to earlier correspondence involving the possible filing for insurance benefits from Massachusetts Medicare, (Exh. 3), the letter ending with the following paragraphs:
 "I am very sorry this situation has arisen., I must insist that you comply with Connecticut Law and provide me with an affidavit stating that your claim is justly due, that all payments thereon, if any, have been credited, that you know of no offsets of evidence of indebtedness, that you hold no security, except as specifically described in the affidavit, and whether or not any representations were made to you that you could expect payment from Helen Benny's Estate. You may regard this as a denial of your claim until you conform to the above."
On April 25, 1990, St. Patrick's forwarded an affidavit to Appellant, (Exh. 4) and on June 21, 1990, Appellant wrote to St. Patrick's disallowing the claim. (Exh. 5). On July 12, 1990, St. Patrick's filed a petition in the Newington Probate Court last four. Appellant is found to be an aggrieved person within the meaning of Sec. 45a-186 as a devisee under the will of the real estate in Connecticut.
In Reason One, Appellant claims that St. Patrick's petition seeking a hearing on her disallowance of its claim was filed too late under Conn. Gen. Stats. Sec. 45-230m and Conn. Gen. Stats. Sec. 45-230i (c) (sic) since the claim was disallowed on March 26, 1990, and the petition was not filed until July 12, 1990, more than the thirty day period permitted under the statute.
Sec. 45a-364 (a) Conn. Gen. Stats. (formerly Sec. 45-230m) provides that whenever a claim his been "rejected, in whole or in part, as provided in Section 45a-360 (formerly Section 45-230i) the person whose claim has been rejected may, within thirty days from and including the date of such rejection make application to the court of probate to hear and decide such claims."
We find that Appellant's letter of March 20, 1990, was not a rejection of the claim within the meaning of the statute, but CT Page 5405 a statement of intent to reject the claim if certain conditions set forth were not met by the claimant. Appellant's testimony in court confirms this conclusion. A rejection sufficient to trigger the running of the thirty day period must be unequivocal. Goess v. Hartford-Connecticut Trust Co., 19 F. Sup. 880
(Dist. Conn. 1937). Since an unequivocal rejection of St. Patrick's claim was not made until June 21, 1990, St. Patrick's petition of July 12, 1990 was within the statutory thirty day period and timely.
Appellant in her Second Reason for appeal alleges, in effect, that Patricia Cross remained liable to St. Patrick for the residence of Mrs. Benny under the contract of March 10, 1982, and no implied contract was ever entered into between Mrs. Benny and St. Patrick's after March 1, 1989, because Mrs. Benny was incapable of entering a contract.
The court was indeed presented with evidence that Mrs. Benny was incapable of entering a contract after March 1, 1989, but even if she were found to be incapable, that would not negate the ability of St. Patrick's to claim payment from her estate for in-patient board and care extended to her.
"A mental incompetent is table in a quasi-contractual action for necessaries furnished him . . . obviously the incompetent's need for nursing and medical attention is salient among his necessaries." Calmari and Perillo, The Law of Contracts, West, 3rd Ed. Sec. 8-13. Moreover, Mrs. Cross, the legal guardian, not only consented to Mrs. Benny's continued estate for payment.
Likewise, the possible liability of Mrs. Cross or the disputed bill on the theory of her continuing obligations under the contract of March 10, 1982, despite her subsequent revocation, under well established legal principles, does not bar St. Patrick's from pursuing its claim against the estate of the direct beneficiary.
Finally, Appellant claims, and argued orally, that either Mrs. Cross or St. Patrick's had a duty to seek Medicare assistance for Mrs. Benny or to move her to a nursing home facility where she could obtain Medicare benefits to offset or reduce the disputed bill. It is conceded that St. Patrick's is not qualified as a Medicare eligible facility. No authority has been drawn to our attention which would impose any duty on St. Patrick's to move Mrs. Benny to a Medicare eligible facility or to apply for Medicare benefits for Mrs. Benny for which St. Patrick's was not eligible, and none appeals in the contract of March 10, 1982. We conclude that there was no such duty, which would lead to a claim of set-off or reduction of St. Patrick's CT Page 5406 bill.
It should be noted that no where does Appellant challenge the amount or reasonableness of the $18,400 bill presented by St. Patrick's
For the above reasons, this appeal is dismissed and the decree of the Newington Probate Court dated December 17, 1990, allowing the claim of St. Patrick's in the amount of $18,400 against the Estate of Helen A. Benny it is confirmed.
WAGNER, J.